suit, and an order for defendant's solicitor's fees contemplates the necessity of future service.''

It was further held in that case (p. 276): ''. . . it was at least an abuse of discretion for the court to enter an order for alimony and solicitor's fees after the motion to dismiss was made, and to keep the case alive for the purpose of enforcing the same, contrary to chancery practice and the intendments of the statute, and that such abuse calls for a reversal of the order appealed from.''

██ ██ The divorce suit was dismissed by a part of the same order that denied appellant relief and appellant had no standing in court when the order was entered. (*McCulloch v. Murphy,* 45 Ill. 256; *Holmes v. Hamburger,* 67 Ill. App. 121, 122.) Appellant was not a party to the suit and appellee should have made a motion to dismiss this appeal.

The decretal order of the Circuit court of Cook county is affirmed.

*Decretal order affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.

Walter Burke, Appellee, v. Lina Martin, Appellant.
Lina Martin, Appellant, v. Walter Burke, Appellee.

Gen. No. 9,610.

opinion filed October 29, 1948; re-
hearing denied December 9, 1948; released for publication Decem-
ber 10, 1948. N. E. Hutson, for appellant; Edie & Corbett, for ap-
pellee; O. E. Corbett, of counsel. Opinion by JUSTICE WHEAT. Not
to be published in full.

Julia Rauscher and John E. Rauscher, Appellees, v.
Boulevard Manor Defense Homes, Inc., Appellant.

Gen. No. 44,201.

opinion filed November 16, 1948; released for publication
December 2, 1948. Kriebel & Hubbard, for appellant; no appearance
for appellees. Opinion by PRESIDING JUSTICE SULLIVAN. Not to be
published in full.

John A. Maslasky and Lillian H. Maslasky, Appellees,
v. Boulevard Manor Defense Homes, Inc., Appel-
lant.

Gen. No. 44,202.